IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:95-488-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GERALD SALLEY | ) | |
| | ) | |
| _____ | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion (ECF No. 741) is DENIED. The defendant's guideline range is unaffected by Amendment 750. The amount of crack cocaine for which defendant was held responsible (between 81 and 141 kilograms) produces the same base offense level under Amendment 750 as it did when defendant was originally sentenced (base offense level 43). Therefore, as this amendment did not lower defendant's guideline range, it does not apply.[1]

IT IS SO ORDERED.

January 17, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] The defendant's guideline range at sentencing, based on a total offense level of 43 [38 + 2 (firearm + 2 (obstruction) +2 (reckless endangerment) + 0 (acceptance) = 44, but a total offense level of more than 43 shall be treated as an offense level 43 under USSG § 5 Part A comment n.2.] and a criminal history category of I was Life. The court sentenced the defendant to Life imprisonment.